**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA D. WINKLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00748-JAR |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis. ECF No. 2. Having reviewed the motion, the Court has determined that it has insufficient financial information to grant the motion at this time. Therefore, for the reasons discussed below, the Court will order Plaintiff to file a complete motion for leave to proceed in forma pauperis with information regarding his wife's income and financial assets.

**Background**

Plaintiff is a self-represented litigant who has filed a complaint pursuant to 5 U.S.C. § 552 (the Freedom of Information Act) against the U.S. Department of Homeland Security and the Transportation Security Administration, along with its component offices the Office of Accessible Systems & Technology and the Accessibility Compliance Management System. ECF No. 1. Along with the complaint, Plaintiff filed a motion for leave to proceed in forma pauperis (ECF No. 2) and a motion for a ruling on said motion or, in the alternative, a status conference (ECF No. 4).

In his motion for leave to proceed in forma pauperis, Plaintiff asserts that he is unemployed and receives no income, aside from what he receives through being supported by his wife's income. ECF No. 2 at 1. Plaintiff states that he has $4350 in a checking or savings account, a car

worth $10,000, land worth $8,000, and $110,000 in student loans. *Id.* at 2. For monthly expenses, Plaintiff declares a mortgage, various loans and payments, utilities, and food, amounting to $3482 a month. *Id.* Despite indicating that he is supported by his wife's income, Plaintiff offers no information about her finances.

**Discussion**

The Clerk of Court in each district court is required to collect a filing fee from any party "instituting any civil action, suit or proceeding in such court." 28 U.S.C. § 1914(a). For persons unable to pay the fee, 28 U.S.C. § 1915 allows a party to proceed in forma pauperis. *See Greaser v. State of Missouri, Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). This statute "is designed to ensure that indigent persons will have equal access to the judicial system." *Id.* Pursuant to § 1915, a federal district court may authorize the commencement of a civil action without prepayment of the fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses." 28 U.S.C. § 1915(a)(1); *see also* E.D. Mo. L.R. 2.05(A) ("An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case.").

In forma pauperis status, however, is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a plaintiff has to demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for "the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination of whether to grant or deny in forma pauperis status under 28 U.S.C. § 1915 is within the sound discretion of the trial court. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000).

Here, the Court is not convinced that Plaintiff is unable to pay his litigation costs. Specifically, although he has indicated that he is supported by his wife's income, he offers no information regarding her financial resources. "The income and assets of an applicant's close family members are relevant to the determination of the applicant's indigence." *Amara v. Boeing*, No. 4:22-CV-01054 RLW, 2022 WL 16571166, at *1-2 (E.D. Mo. Nov. 1, 2022) (directing the plaintiff to supplement his motion for leave to proceed in forma pauperis with information regarding his wife's financial resources); *see also Lee v. Walmart Stores, Inc.*, No. 3:92-CV-465 AS, 1993 WL 316756 at *3-4 (N.D. Ind. Aug. 18, 1993) (collecting cases); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (finding that funds "derived from family sources" are relevant to a determination as to whether a plaintiff may proceed in forma pauperis); *Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) (explaining that in assessing a motion for leave to proceed in forma pauperis, "a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling, or other next friend") (quotations omitted); *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978) ("The question under 28 U.S.C. [§] 1915 is whether the litigant is unable to pay the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse[.]").

The Court will therefore deny Plaintiff's motion for leave to proceed in forma pauperis and direct Plaintiff to file a complete motion for leave to proceed in forma pauperis, including information regarding (1) his wife's monthly or yearly income and (2) the amount of money he and his wife have in cash, checking, and/or saving, within thirty (30) days of the date of this Order or pay the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a complete motion for leave to proceed in forma pauperis, including information regarding (1) his wife's monthly or yearly income and (2) the amount of money he and his wife have in cash, checking, and/or saving, within thirty (30) days of the date of this Order or pay the filing fee.

**IT IS FURTHER ORDERED** that Plaintiff's motion for ruling on the motion for leave to proceed in forma pauperis or, in the alternative, for a status conference (ECF No. 4) is **DENIED** as moot.

Dated this 29th day of October, 2026.

John A. Ross

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE